# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEVE COLEMAN,

    Plaintiff

v.

BRIAN WARD, et. al.

    Defendants

Case No.: 3:18-cv-00061-MMD-WGC

**Order**

Re: ECF Nos. 22, 22-1

Before the court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 22) and proposed Second Amended Complaint (SAC) (ECF No. 22-1).

For the reasons discussed below, the motion for leave to amend is denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while he was housed at Northern Nevada Correctional Center (NNCC). He filed his original complaint (ECF No. 4) which the court screened on March 5, 2019. (ECF No. 3.) Plaintiff alleges that another inmate, Graham, had been threatening and harassing an older inmate, and Plaintiff attempted to facilitate resolving their issues. One day, Graham was sitting by the shower room waiting for Plaintiff. Plaintiff asked if Graham had spoken to the other inmate, and Graham said no. When Plaintiff turned and started to walk away, Graham rushed toward Plaintiff while removing weapons from his pockets and cut Plaintiff across the throat and across the stomach, and stabbed Plaintiff in the back and shoulder several times, and cut his right thigh. Plaintiff was rushed to Renown Hospital for emergency surgery to save his

life. He later learned that Graham had attacked him with a screwdriver. After he was returned to the prison, he was transferred to administrative segregation, where he stayed for four months. He sent kites asking Powers, Ward, Moyle, Henley and Castro why he was being held in administrative segregation without a hearing, but got no response. He continued to inquire of Powers why he had not seen the segregation committee, and at one point she said she sent Castro an email, but he had not responded. He was never given a due process hearing by Castro or Henley, and neither Ward nor Moyle ever responded to his kites.

Plaintiff was allowed to proceed with a due process claim against Powers, Ward, Moyle, Henley, and Castro, based on his placement in administrative segregation for four months without a hearing. His asserted an equal protection claim that was based on the same facts as the due process claim, and it was dismissed with leave to amend. His Eighth Amendment failure to protect claim was dismissed with leave to amend because there were no allegations in the complaint that any defendant knew that an inmate possessed a weapon in the unit, or that any defendant knew of and disregarded a risk to Plaintiff's safety. (ECF No. 3.)

Plaintiff filed an amended complaint (FAC) (ECF No. 5), which the court screened on July 18, 2019. Plaintiff was again allowed to proceed with his due process claim against Powers, Ward, Moyle, Henley and Castro. Plaintiff still failed to state a colorable equal protection claim; therefore, this claim was dismissed with prejudice. In the FAC, plaintiff alleged that the attack on Plaintiff "was obvious and permits a court or jury to conclude that defendant Lt. Brandon knew that inmate Graham had access to tools 'boxcutters, screwdrivers, etc.' and failed to conduct a 'pat-down' of inmate Graham upon leaving his assigned work area." (ECF No. 5 at 10.) The court found that Plaintiff failed to state a colorable failure to protection claim because there were no

allegations that Brandon knew that an inmate had a weapon in the unit, or that Brandon knew of and disregarded an excessive risk to Plaintiff's safety.

Plaintiff also alleged that Baca cut back on staff when he arrived in 2013 which resulted in more assaults and batteries and political white-supremacist hate speech. The court found Plaintiff failed to state a colorable failure to protect claim against Baca, because he did not allege that Baca knew an inmate had a weapon in the unit or that Baca knew of and disregarded a risk to Plaintiff's safety.

Finally Plaintiff alleged that on the date of the attack, his unit was under the supervision of defendant Doe #1. When Plaintiff got to the unit, he saw Does # 1 and #2 entering the gun post, and they were observing movement on the unit floor. When he was attacked, Does #1 and #2 remained at their desk, watching the attack unfold. They did not leave their office to assist until Plaintiff had gained the upper hand in the fight and had already been stabbed several times. The court allowed Plaintiff to proceed with his Eighth Amendment failure to protect claim against Does #1 and # 2.

On November 6, 2019, service was accepted by the Attorney General's Office on behalf of Castro, Moyle, Powers and Henley. (ECF No. 13.) The last known address of Brian Ward was filed under seal, and the court issued a summons, but it was returned unexecuted. (ECF Nos. 14, 16, 17, 18.) Castro, Henley, Moyle and Powers filed their answer to the FAC on December 16, 2019. (ECF No. 19.) The court issued a scheduling order the same date, making a pleading joining a party or an amended pleading due by February 14, 2020. (ECF No. 20.)

Plaintiff timely filed this motion for leave to amend and proposed SAC. (ECF Nos. 22, 22-1.)

On February 3, 2020, District Judge Du issued a notice of intent to dismiss Brian Ward due to Plaintiff's failure to timely serve him under Federal Rule of Civil Procedure 4(m), and subsequently dismissed Mr. Ward without prejudice on March 13, 2020. (ECF No. 27.)

On February 4, 2020, the court issued an order extending certain of the scheduling order deadlines. (ECF No. 25.)

## II. DISCUSSION

**A. Leave to Amend**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The court will now review the proposed SAC to determine whether Plaintiff states colorable claims or whether amendment would be futile.

4

**B. The Proposed SAC**

The proposed SAC names Brian Ward, Shannon Moyle, C/O Castro, C/O Powers, C/O Henley, inmate Clifford Graham, I. Baca, Lt. Brandon and John and Jane Does 1-15. (ECF No. 22-1 at 1-4.)

**1. Claim 1**

Plaintiff lists Baca, Ward, Lt. Brandon, Moyle, Powers, Castro, Henley, Clifford Graham, and John/Jane Does as defendants, and references the Eighth Amendment in Claim 1.

Plaintiff states that the Defendants (other than Graham) failed to inventory dangerous tools prior to releasing Graham from a secured building area. He states that it is well known that that tools have been used by prisoners as weapons for killing, assaulting and battering prisoners and correctional staff. He avers that prisoners are not to be released from a job assignment area until all tools are inventoried and accounted for, and the prisoner is searched before being allowed through a security gate. He alleges that after Defendants had released Graham from the work assignment area, he was allowed to re-enter the area without supervision. Graham was then allowed to take a screwdriver and box cutter from the secured area. He avers that Defendants failed to make certain that Graham had returned the tools or determine why he was allowed to use the tools. In addition, he alleges that they failed to strip search Graham prior to releasing him onto the prison general population yard. He goes on to allege that NNCC is covered with cameras and monitored at numerous locations.

Like the FAC, Plaintiff alleges that the Unit 10 officers, John Doe 1 and 2, had full view of the housing area, and on April 27, 2016, did nothing to interfere with Graham's attack on Plaintiff.

Under the Eighth Amendment, prison conditions should not "involve the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be, and often are, restrictive and harsh, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 486 U.S. 517, 526-27 (1984)).

"[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (citations and quotations omitted); *see also Cortez v. Skol,* 776 F.3d 1046, 1050 (9th Cir.2015) (citing *Farmer*, 511 U.S. at 833). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal citations omitted). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id*. at 834 (citing *Rhodes*, 452 U.S. at 347).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *Farmer*, 511 U.S. at 834; *see also Labatad v. Corrections Corp. of America*, 714F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)). Under the deliberate indifference standard, a violation of the Eighth Amendment is only found when an objective and subjective component are met. *See Farmer*, 511 U.S. at 834; *Labatad*, 714F.3d at 1160.

First, "the deprivation alleged must be, objectively, sufficiently serious...; a prison official's act or omission must result in the denial of 'the minimal civilized measures of life's necessities.'" *Farmer*, 511 U.S. at 834 (citations and quotations omitted). When a plaintiff claims prison officials failed to take reasonable steps to protect, the plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. (citations omitted).

Second, the inmate must satisfy the subjective element. This means that the prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "Liability may only follow if a prison official 'knows that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847).

"A prison official's deliberate indifference may be established through an 'inference from circumstantial evidence' or "from the very fact that the risk was obvious.'" *Cortez*, 776 F.3d at 1050 (citing *Farmer*, 511 U.S. at 842); *Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015) (citing *Farmer*, 511 U.S. at 841-42). "[O]bviousness of a risk may be used to prove subjective knowledge, [but] liability may [not] be based on constructive knowledge." *Id*. (Citing *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013) (requiring a plaintiff to demonstrate "that the risk was obvious or provide other circumstantial or direct evidence that the prison officials were aware of the substantial risk' to defeat summary judgment).

"[O]bviousness is not measured by what is obvious to a layman, but rather what would be

7

obvious 'in light of reason and the basic general knowledge that a prison official may be presumed to have obtained regarding the type of deprivation involved.'" *LeMire*, 726 F.3d at 1078 (citing *Thomas*, 611 F.3d at 1151).

Plaintiff still states an Eighth Amendment failure to protect claim against the two John Doe officers in his unit who saw the attack taking place and failed to intervene.

The question is whether Plaintiff states an Eighth Amendment failure to protect claim against the remaining defendants. Plaintiff's allegations remain too vague to state such a claim against any of these defendants. Plaintiff states that there are regulations requiring tools to be inventoried and that Defendants failed to make sure the tools were inventoried and that Graham was searched prior to being allowed back into the general population. These allegations are more akin to negligence and do not demonstrate the subjective knowledge and disregard of a risk to Plaintiff's safety required by the Eighth Amendment. Plaintiff provides no substantive *facts* about the role each defendant played, or what they knew about Graham's conduct and when. Nor does he allege facts from which one can infer that they knew Graham took the tools from the secured area and disregarded that knowledge so as to pose a risk to Plaintiff's safety.

Moreover, he cannot state a claim under section 1983 against Graham as he is not a state actor subject to suit under 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not act under color of state law).

Since the Eighth Amendment does not state a claim beyond what was alleged in the FAC with respect to the Eighth Amendment failure to protect, amendment would be futile; therefore, his motion for leave to amend is denied in this respect. Plaintiff will be allowed to continue with his failure to protect claim against the two Doe defendants to the extent he timely identifies them (as will be discussed further below).

**2. Claim 2**

Plaintiff names Baca, B. Ward, S. Moyle, Powers, Castro, Henley, Brandon and John/Jane Does 1-15. He alleges that after the incident with Graham, and spending time in the hospital at Renown and NNCC, he was placed into administrative segregation for four months without due process in that he as never given a hearing. He sent written and verbal requests to the defendants (except Graham) and none responded. He also sent a grievance, to no avail.

Unlike his amended complaint, Claim 2 does not specifically allege what role each particular defendant played in denying Plaintiff's due process rights relative to his placement in administrative segregation. As such, he does not state a due process claim in the SAC, and amendment would be futile. His motion for leave to amend will likewise be denied as to the due process claim in the SAC. Plaintiff may proceed with the due process claim as stated in the prior screening order (except with respect to Ward, who has been dismissed without prejudice).

**3. Claim 3**

The allegations in Claim 3 are repetitive of those in Claim 1. Plaintiff does not state any separate claim in Claim 3, and the court's analysis relative to the Eighth Amendment allegations applies equally here.

### III. CONCLUSION

Plaintiff's motion for leave to amend (ECF No. 22) is **DENIED** as amendment would be futile. The case will proceed as outlined in the screening order at ECF No. 6, except as to Ward who has been dismissed without prejudice.

///

///

///

9

Plaintiff has up until the close of discovery—**June 16, 2020**—to file a motion identifying and substituting in the defendants for the two Doe defendants against whom the Eighth Amendment failure to protect claim is proceeding.

**IT IS SO ORDERED**.

Dated: April 23, 2020

*William G. Cobb*
William G. Cobb
United States Magistrate Judge