UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVE COLEMAN,<br><br>                             Plaintiff,<br>      v.<br>BRIAN WARD, *et al.*,<br><br>                            Defendants. | Case No. 3:18-cv-00061-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Steve Coleman brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 36), recommending the Court dismiss Plaintiff's Eighth Amendment failure to protect claim against Does 1 and 2 for failure to timely identify those defendants, and recommending the Court grant the remaining Defendants' summary judgment motion (ECF No. 29) on Plaintiff's due process claim because he has not established his placement in administrative segregation subjected him to an atypical hardship, or, alternatively, because Defendants met their burden to show Plaintiff received the process he was due. Plaintiff had until January 20, 2021, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant Defendants' summary judgment motion, dismiss the doe defendants, and direct entry of judgment in Defendants' favor.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114,

1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb first recommends the Court dismiss Plaintiff's Eighth Amendment failure to protect claim against the two doe defendants because Plaintiff has still not filed a motion identifying and substituting in named defendants for them, though Judge Cobb gave him a deadline of June 16, 2020, to do so. (ECF No. 36 at 3.) Judge Cobb next recommends the Court grant Defendants Powers, Moyle, Henley, and Castro's motion for summary judgment on Plaintiff's Fourteenth Amendment due process claim because Plaintiff did not proffer any evidence that his placement in administrative segregation pending an investigation subjected him to an atypical hardship. (*Id.* at 11.) Alternatively, Judge Cobb recommends the Court grant summary judgment to Defendants because, "Plaintiff has not raised a genuine dispute of material fact in response to Defendants' evidence that Plaintiff received the process he was due." (*Id.*) The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 36) is accepted and adopted in full.

It is further ordered that Plaintiff's Eighth Amendment failure to protect claim against Does 1 and 2 is dismissed without prejudice.

It is further ordered that Defendants Powers, Moyle, Henley, and Castro's motion for summary judgment (ECF No. 29) is granted.

///

///

1 | The Clerk of Court is directed to enter judgment accordingly and close this case.

2 | DATED THIS 27th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE